**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DARYL A. HESS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 10-CV-435-GKF-TLW |
| ) | |
| DAVID C. MILLER, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. In response to the petition (Dkt. # 1), Respondent filed a motion to dismiss (Dkt. # 8), asserting that the petition is barred by the one-year statute of limitations. On November 1, 2010, Petitioner filed a response (Dkt. # 21) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). Petitioner also filed a motion to reconsider the Court's prior Orders, see Dkt. #s 18 and 24, denying his requests for appointment of counsel. See Dkt. # 26. For the reasons discussed below, the Court finds that the petition is timely. For that reason, Respondent's motion to dismiss shall be denied and Respondent shall file a response to the claims asserted in the petition. Petitioner's motion to reconsider the prior denials of his request for appointment of counsel shall be denied.

*BACKGROUND*

The record reflects that on March 25, 2009, Petitioner was convicted on his pleas of guilty of Robbery With a Firearm (Count 1) and Kidnapping (Count 2), in Tulsa County District Court, Case No. CF-2007-2334. See Dkt. # 9, Ex. 1. On that date, he was sentenced to twenty (20) years imprisonment on each count, to be served concurrently with each other and with the sentence

entered in Case No. CF-2007-2646. Petitioner did not file a motion to withdraw his pleas and did not otherwise perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Id.

On February 23, 2010, Petitioner filed a motion for production of documents, accompanied by an affidavit in support of a motion to proceed *in forma pauperis*. See Dkt. # 9, Ex. 1. On March 19, 2010, he filed an application for post-conviction relief requesting an appeal out of time. Id. He filed a second motion requesting production of documents at state's expense on April 22, 2010. Id. The district judge denied post-conviction relief and the request for production of documents by orders filed May 19, 2010. Id. Petitioner appealed to the OCCA. By order filed June 10, 2010, in Case No. PC-2010-504 (Dkt. # 9, Ex. 2), the OCCA affirmed the denial of post-conviction relief.

The Clerk of Court received Petitioner's federal petition for writ of habeas corpus (Dkt. # 1) on July 2, 2010. Petitioner states under penalty of perjury that he placed his petition in the prison mailing system on June 29, 2010. See Dkt. # 1.

*ANALYSIS*

The habeas corpus statutes provide for a one-year limitations period as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d) to the instant case leads to the conclusion that this habeas petition was timely "filed" on the last day of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty pleas in Case No. CF-2007-2334, his conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on April 6, 2009.[1] See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction began to run the next day, April 7, 2009. See Harris v. Dinwiddie, --- F.3d ---, 2011 WL 1591814, *4 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after April 7, 2010, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

---

[1] The tenth day after March 25, 2009, was April 4, 2009. However, because that day fell on a Saturday, Petitioner had until Monday, April 6, 2009, to file a motion to withdraw his guilty pleas. See Rule 1.5, *Rules of the Oklahoma Court of Criminal Appeals*.

Pursuant to § 2244(d)(2), the limitations period was suspended during the time Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts. On March 19, 2010, or 19 days prior to the April 7, 2010, deadline, Petitioner filed an application for post-conviction relief. Pursuant to § 2244(d)(2), the limitations clock stopped running on March 19, 2010, and did not begin to run again until the state courts completed review of Petitioner's properly filed post-conviction proceeding. The district court denied relief by order entered May 19, 2010. The OCCA affirmed the denial of post-conviction relief on June 10, 2010. Therefore, the limitations clock began to run again on June 10, 2010, and Petitioner had to file his federal petition within 19 days, or by June 29, 2010. Although the petition was not received for filing until July 2, 2010, Petitioner avers "as true under penalty of perjury" that he placed his petition in the prison mail system on June 29, 2010, the last day of the limitations period. Under the prisoner mailbox rule, see Houston v. Lack, 487 U.S. 266 (1988), the petition is timely. Price v. Philpot, 420 F.3d 1158, 1165-66 (10th Cir. 2005). Respondent's motion to dismiss shall be denied and Respondent shall file a response to the petition.

Upon review of Petitioner's motion to reconsider the denial of his motion for appointment of counsel and in light of the record in this case, the Court finds the motion should be denied. Nothing in the motion to reconsider persuades the Court that its prior rulings denying Petitioner's requests for appointment of counsel were erroneous. As stated in the prior Orders, there is no constitutional right to counsel beyond the direct appeal of a conviction. See Swazo v. Wyoming Department of Corrections, 23 F.3d 332 (10th Cir. 1994). Petitioner's motion for reconsideration of the denial of the motion for appointment of counsel shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 8) is **denied**.

2. Within thirty (30) days of the entry of this Order, Respondent shall respond to the claims raised in the petition. <u>Extensions of time will be granted for good cause only</u>.

3. Petitioner may file a **reply brief** within thirty (30) days after the filing of Respondents' response to the petition.

4. Petitioner's motion for reconsideration of his requests for appointment of counsel (Dkt. # 26) is **denied**.

DATED THIS 20th day of May, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma