**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

DARYL A. HESS,                              )
                                           )
                    Petitioner,            )
                                           )
vs.                                        )         **Case No. 10-CV-435-GKF-TLW**
                                           )
ANITA TRAMMELL, Warden,[1]                 )
                                           )
                    Respondent.            )

## OPINION AND ORDER

Before the Court is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner Daryl

A. Hess, a state inmate appearing pro se. Respondent filed a response and provided the state court

records necessary for adjudication of Petitioner's claims. See Dkt. # 32. Petitioner filed a reply to

Respondent's response (Dkt. # 33). For the reasons discussed below, the Court finds the petition for

writ of habeas corpus shall be denied.

### *BACKGROUND*

The record reflects that, on April 30, 2007, Petitioner was charged by Information filed in

Tulsa County District Court, Case No. CF-2007-2334, with Robbery With a Firearm (Count 1),

Sexual Battery (Count 2), False Impersonation of Police Officer (Count 3), and Kidnapping (Count

4). See Dkt. # 32, Ex. 11. At the conclusion of the preliminary hearing, held August 23, 2007, the

State dismissed Count 2 and agreed to amend Count 3 to a misdemeanor. Id. at 6-7. On March 25,

2009, Petitioner entered pleas of guilty to Counts 1 and 4. Id. at 12-13. Count 3 was dismissed. Id.

_____

[1] Under Rule 2(a), Rules Governing Section 2254 Cases, the proper party respondent is the state officer having custody of the petitioner. Petitioner is currently in custody at the Oklahoma State Penitentiary (OSP). Therefore, the state officer having custody of Petitioner is Anita Trammell, Warden at OSP. The Clerk of Court shall be directed to substitute Anita Trammell, Warden, in place of David C. Miller, Warden, as party respondent.

On that date, Petitioner was sentenced to twenty (20) years imprisonment on each of Counts 1 and 4, to be served concurrently. Id. When Petitioner entered his guilty pleas, he was represented by attorney Brian Martin. Id. Although he was advised of his appeal rights, Petitioner did not file a timely motion to withdraw his guilty pleas and did not otherwise perfect a certiorari appeal in the Oklahoma Court of Criminal Appeals (OCCA). Id.

On March 19, 2010, Petitioner filed an application for post-conviction relief in the state district court, requesting an appeal out of time. See Dkt. # 32, Ex. 1. In that application, Petitioner claimed that he had been denied a certiorari appeal through no fault of his own and that his guilty pleas were not knowingly and voluntarily entered due to his mental illness and incompetence. See id. By order filed May 19, 2010, the state district judge denied the request for post-conviction relief. See Dkt. # 32, Ex. 3. Petitioner appealed. On June 10, 2010, in Case No. PC-2010-504, the OCCA affirmed the denial of post-conviction relief, finding that Petitioner had waived his claims by failing to raise them in a direct appeal. See Dkt. # 32, Ex. 5.

Petitioner commenced the instant habeas corpus action by filing his petition on July 2, 2010. See Dkt. # 1.  He identifies the following grounds of error:

| Ground 1: | Violation of U.S. Const. Amends. 6 & 14. Petitioner was incompetent to enter guilty plea; he suffers from schetzophrenia [sic], bi-polar, and depression, with suicidal tendencies; he is of borderline intelligence and easily overwhelmed by situations, and things must be carefully explained to him; prior to, during, and immediately after plea, Petitioner was suffering sever [sic] symptoms, and acting irrationally; behavior well documented at the David L. Moss Criminal Justice Center (Tulsa Co. Jail). |
|---|---|
| Ground 2: | Violation of U.S. Const. Amends. 6 & 14. Petitioner was mentally unstable (ground one); defense counsel manipulated and coerced Petitioner into a guilty plea, unknowingly receiving a twenty year sentence on Ct. 3, false impersonation, which is a misdemeanor; counsel and the court then attempted to cover this up when Petitioner tried to withdraw plea. |

(Dkt. # 1). In response to the petition, Respondent addresses Petitioner's claims on the merits and argues that Petitioner is not entitled to habeas corpus relief. <u>See</u> Dkt. # 32.

## *ANALYSIS*

### A.  Exhaustion

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b). <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982). Petitioner raised his habeas claims on post-conviction appeal. Therefore, the Court finds Petitioner satisfied the exhaustion requirement before filing his habeas petition.

### B.  Evidentiary hearing

The Court finds that an evidentiary hearing is not warranted in this case.  Petitioner has not met his burden of proving entitlement to an evidentiary hearing.  <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 420 (2000); <u>Miller v. Champion</u>, 161 F.3d 1249 (10th Cir. 1998).

### C.  Petitioner is not entitled to habeas corpus relief

Although the OCCA imposed a procedural bar on Petitioner's post-conviction claims, Respondent has opted to address the claims on the merits, after recognizing that a substantive competency claim is not subject to a procedural bar.  <u>See</u> Dkt. # 32 (citing <u>Nguyen v. Reynolds</u>, 131 F.3d 1340, 1346 (10th Cir. 1997)). The Court agrees with Respondent that both of Petitioner's claims can be "more easily and succinctly" resolved on the merits, rather than on the basis of a procedural bar.  <u>Revilla v. Gibson</u>, 283 F.3d 1203, 1214 (10th Cir. 2002). Therefore, upon review of the record, the Court agrees with Respondent that Petitioner is not entitled to habeas corpus relief on either a substantive or procedural competency claim, or on his claim of ineffective assistance of counsel for coercing him to plead guilty to Count 3.

**1.  Competence to enter pleas of guilty (ground 1)**

Competency claims may be based on violations of both procedural and substantive due process, but the standards of proof for procedural and substantive claims differ. Allen v. Mullin, 368 F.3d 1220, 1239 (10th Cir. 2004). A procedural competency claim challenges the adequacy of procedures used to evaluate competency while a substantive competency claim alleges that an individual was tried and convicted while, in fact, incompetent. Id. The burden of proof on a substantive claim of incompetency is higher than that required on a procedural claim. To succeed on a procedural competency claim, a defendant "must raise a bona fide doubt regarding his competency to stand trial . . . ." Id. This requires a demonstration that "a reasonable judge should have doubted" the defendant's competency. McGregor v. Gibson, 248 F.3d 946, 954 (10th Cir. 2001). It does not require proof of actual incompetency. Allen, 368 F.3d at 1239. A substantive competency claim, on the other hand, requires the higher standard of proof of incompetency by a preponderance of the evidence. Cooper v. Oklahoma, 517 U.S. 348, 368-69 (1996).

**a.  Substantive competency claim fails**

In ground one of his petition, Petitioner claims that he was incompetent when he entered his guilty pleas and explains that he suffers from severe mental illness, including schizophrenia, bipolar disease, and depression with suicidal tendencies. See Dkt. # 1, attached supporting brief at pages 15-19.  He also claims to be of "borderline intelligence." Id. at 15. He describes "mental breakdowns" suffered at the Tulsa County Jail, resulting in his placement in a "special management cell for safety concerns" after he threatened to commit suicide. Id. at 16. Petitioner acknowledges that in another of his Tulsa County criminal cases, Case No. CF-2007-2643, both a doctor and a jury found that he

4

was competent to stand trial. Id. at 16-17; see also Dkt. # 32, Ex. 9, Trans. Comp. Tr., held Aug. 21, 2007, in Tulsa County District Court, Case No. CF-2007-2643.

Federal law mandates that a criminal defendant may not be tried while incompetent. Godinez v. Moran, 509 U.S. 389, 396 (1993); Drope v. Missouri, 420 U.S. 162, 171-72 (1975). The trial of an incompetent defendant violates federal substantive due process rights. Nguyen, 131 F.3d at 1346 (citing Cooper, 517 U.S. at 354). A defendant is competent to stand trial if he is able to consult with his lawyer "with a reasonable degree of rational understanding," and if he has both a "rational" and "factual" understanding of the proceedings against him. Walker v. Att'y Gen. Okla., 167 F.3d 1339, 1343 (10th Cir. 1999) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)).  "The presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to knowingly and voluntarily enter a plea as well as aid and assist in his own defense." Wolf v. United States, 430 F.2d 443, 445 (10th Cir. 1970) (citation omitted). Stated another way, "[a]lthough the defendant's mental illness may be relevant to the general inquiry, it does not in itself establish that the plea violated a defendant's due process rights." Gonzales v. Tafoya, 515 F.3d 1097, 1118 (10th Cir. 2008) (citing Miles v. Dorsey, 61 F.3d 1459, 1470-71 (10th Cir. 1995)).  In a habeas corpus proceeding, the petitioner bears the burden of demonstrating, by a preponderance of the evidence, that he was incompetent when he entered his plea. Miles, 61 F.3d at 1472.

In this case, having carefully reviewed the record, the Court finds that Petitioner has failed to establish, by a preponderance of the evidence, that he was incompetent when he entered his guilty pleas. The record reflects that at the plea colloquy, the state district judge inquired as to whether Petitioner was thinking clearly at the time.  See Dkt. # 32, Ex. 6 at 2. Petitioner answered in the affirmative. Id. The judge also asked whether Petitioner answered the questions on the Plea of Guilty

Summary of Facts form truthfully. Id. at 3. Petitioner again answered in the affirmative. Id. When asked whether anyone had forced him to plead guilty, Petitioner answered "no." Id. Furthermore, the answers given by Petitioner to questions on the Plea of Guilty Summary of Facts form do not support Petitioner's claim that he was incompetent when he pled guilty. See Dkt. # 1, Ex. B. Petitioner answered "no" to the question in ¶ 6: are you currently taking any medications or substances which affect your ability to understand these proceedings? See id. at 1. He also answered "no" when asked in ¶ 7: have you been prescribed any medication that you should be taking, but you are not taking? Id. Petitioner answered "yes" when asked in ¶ 9 whether he understood the nature and consequences of the proceeding. Id. Petitioner's attorney affirmatively represented that Petitioner understood the nature, purpose and consequences of the proceeding, that Petitioner was able to assist him in formulating any defense to the charges, that he was satisfied that Petitioner's waivers and pleas of guilty were voluntarily given and that Petitioner had been advised of all legal and constitutional rights. Id. at 4, ¶ 33. Based on representations contained in the Plea of Guilty Summary of Facts, the trial judge found that Petitioner's guilty pleas were knowingly and voluntarily entered and that he was competent for the purpose of the hearing.[2] Id. at ¶ 36(C), (D).

Based on that record, the Court is persuaded that Petitioner was not incompetent when he entered his guilty pleas. See Nguyen, 131 F.3d at 1346. Petitioner has not proven, by a

---

[2]The trial judge's findings that Petitioner's pleas were knowingly and voluntarily entered and that Petitioner was competent are findings of fact and are entitled to a presumption of correctness. See 28 U.S.C. § 2254(e)(1). Petitioner has failed to rebut that presumption with clear and convincing evidence. Id.

preponderance of the evidence, that he was incompetent. As a result, the Court finds that Petitioner is not entitled to habeas corpus relief on his substantive competency claim.

### b.  Procedural competency claim fails

To the extent Petitioner alleges a procedural competency claim, the Court finds his claim fails.  To obtain habeas relief on his procedural competency claim, a petitioner must show that the trial court ignored evidence which, when viewed objectively, raised a bona fide doubt regarding his competency to stand trial. See Clayton v. Gibson, 199 F.3d 1162, 1171 (10th Cir. 1999); Rogers v. Gibson, 173 F.3d 1278, 1290 (10th Cir. 1999); Walker, 167 F.3d at 1345. When reviewing the record for evidence bearing on competency, a court must look at the defendant's behavior and demeanor at trial, together with any prior medical opinions on his competency. See Barnett v. Hargett, 174 F.3d 1128, 1134 (10th Cir.1999) (citing Drope, 420 U.S. at 180).

Petitioner has failed to meet his burden of demonstrating that the trial judge ignored evidence which raised a bona fide doubt regarding his competency. At the change of plea hearing, Petitioner responded to the judge in a way that strongly suggests that he was lucid, understood the charges, and able to participate in the proceeding.  See Dkt. # 31, Ex. 6. Nothing, other than Petitioner's self-serving statements, suggests that the trial judge ignored evidence which raised a bona fide doubt regarding Petitioner's competence.  Accordingly, this Court finds that Petitioner was not denied procedural due process by the state court proceedings in which he pled guilty and was determined to be competent. He is not entitled to habeas corpus relief on this claim.

### 2.  Ineffective assistance of counsel (ground 2)

In ground two of his petition, Petitioner complains that trial counsel provided ineffective assistance by manipulating and coercing him into pleading guilty on Count 3, False Impersonation

7

of a Police Officer. <u>See</u> Dkt. # 1 at 19-21. He further alleges that the trial court, the prosecution, and defense counsel engaged in a cover-up to conceal their wrongdoing. <u>Id.</u>

To be entitled to habeas corpus relief on his claim of ineffective assistance of trial counsel, Petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance was prejudicial. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>Osborn v. Shillinger</u>, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. <u>Strickland</u>, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." <u>Id.</u> at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Id.</u> at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." <u>Id.</u> at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694; <u>see</u> <u>also</u> <u>Sallahdin v. Gibson</u>, 275 F.3d 1211, 1235 (10th Cir. 2002); <u>Boyd v. Ward</u>, 179 F.3d 904, 914 (10th Cir. 1999). "The likelihood of a different result must be substantial, not just conceivable." <u>Harrington v. Richter</u>, 131 S. Ct. 770, 792 (2011). In <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985), the

Supreme Court set out the applicable standard for reviewing ineffective assistance of counsel claims in the context of guilty pleas. As the Court explained in Hill,

> [I]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence . . . . The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Id. at 58-59. However, "a petitioner's 'mere allegation' that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (quoting Hill, 474 U.S. at 59). Rather, the Court "look[s] to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." Id.

In this case, Petitioner cannot satisfy the prejudice prong of the Strickland standard. Petitioner claims that, after trial counsel "manipulated and coerced"[3] him to plead guilty to Count 3, False Impersonation of a Police Officer, he was convicted and sentenced to twenty (20) years imprisonment despite the fact that Count 3 had been amended to a misdemeanor. See Dkt. # 1 at 19-21. Petitioner goes on to claim that, after he was convicted, the trial judge, the prosecution, and defense counsel conspired to alter the record to reflect that the charge was dismissed. Id. The record does in fact reflect that during the change of plea hearing, the trial judge stated that for Petitioner's sentences "[o]n Counts, 1, 3, and 4, it will be 20 years in the Department of Corrections with credit for time served." See Dkt. # 32, Ex. 6 at 4. However, other records from Petitioner's case make it

---

[3]Petitioner offers no statement of facts explaining how his attorney "manipulated and coerced" him.

clear that the trial judge simply made a misstatement when she included a sentence for Count 3 and neither the prosecutor nor defense counsel corrected the record at the time. The "Plea of Guilty Summary of Facts" form completed by Petitioner and his attorney reflects that Petitioner was sentenced to 20 years on Counts 1 and 4, and that Count 3 was dismissed. See Dkt. # 1, Ex. B at page 32 of 81. In addition, the docket sheet for Case No. CF-2007-2334 confirms that Count 3 was dismissed with costs to the State on March 25, 2009.  See Dkt. # 32, Ex. 11 at 2, 12-13. Of greater significance, the Judgments and Sentences entered in Case No. CF-2007-2334, reflect convictions and sentences on only Counts 1 and 4. See Dkt. # 32, Ex. 10. Lastly, the Oklahoma Department of Corrections' (DOC) offender record for Petitioner shows that he will serve two concurrent 20 year sentences for Robbery With a Firearm and Kidnapping, as entered in Tulsa County District Court, Case No. CF-2007-2334. See Dkt. # 32, Ex. 12. A conviction and sentence for False Impersonation of a Police Officer is not listed on Petitioner's DOC offender record.

Those records establish that Petitioner was not convicted on Count 3 and that, as a result, he will not serve a sentence for that count in the future. Even if counsel performed deficiently with regard to Count 3, Petitioner cannot demonstrate that but for counsel's deficient performance, he would have insisted on proceeding to trial because Count 3 was dismissed. Therefore, he cannot satisfy the prejudice prong of the Strickland standard. Hill, 474 U.S. at 58-59. Furthermore, Petitioner's allegations of a cover-up and conspiracy are speculative and unsupported by the record. Lastly, given the dismissal of Count 3, Petitioner has not demonstrated that his pleas of guilty to Counts 1 and 4 were unknowingly and involuntarily entered. Petitioner has failed to demonstrate that he is entitled to habeas corpus relief on the claims raised in ground 2.

**D.      Certificate of appealability**

10

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      The Clerk of Court shall **substitute** Anita Trammell, Warden, in place of David C. Miller, Warden, as party respondent.

2.      The petition for a writ of habeas corpus (Dkt. #1) is **denied**.

3.      A separate judgment shall be entered in this matter.

4.      A certificate of appealability is **denied**.

DATED THIS 20th day of June, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

11